**In re CENTRAL FLORIDA ELECTRIC, INC., Debtor.**

**Bankruptcy No. 95–01060–6J1.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

April 1, 1996.

Frank M. Wolff, Orlando, Florida, for Debtor.

Charles F. Edwards, Orlando, Florida, for United States Trustee.

*ORDER OVERRULING OBJECTION BY UNITED STATES TRUSTEE TO DEBTOR'S MOTION FOR FINAL DECREE*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on March 6, 1996, on the Objection by United States Trustee to Debtor's Motion for Final Decree (the "Objection") (Doc. No. 118). An order confirming the plan of reorganization filed by the debtor, Central Florida Electric, Inc. (the "Debtor"), was entered on October 26, 1995 (the "Confirmation Date") (Doc. No. 107). The Debtor now has substantially consummated all of its obligations under its con-

1. Title 11, United States Code.

2. Debtors who are successful in consummating their plans are entitled to entry of a final decree and an order closing the case. 11 U.S.C. Section 350 (1994); Fed.R.Bankr.P. 3022 (1994). In this case, the Debtor has successfully consummated all of the requirements of its plan of reorganization. Accordingly, with the consent of all parties, a Final Decree was entered on March 6, 1996, which closed the case "subject to [D]ebtor's obligation to pay any additional amounts as

firmed plan and seeks the entry of a Final Decree closing this case.

The Objection alleges that the Debtor is not entitled to close its case because, pursuant to a recent amendment to 28 U.S.C. Section 1930(a)(6), effective as of January 26, 1996, debtors with cases pending under Chapter 11 of the Bankruptcy Code[1] owe quarterly fees to the United States Trustee ("Trustee") until the case either is dismissed or converted. Previously, the statute provided that these fees terminated not only upon dismissal or conversion but also upon the confirmation of a plan of reorganization. Relying upon the terms of the prior statute, the Debtor has not paid any fees to the Trustee since the Confirmation Date. The Trustee asserts that these fees required by the new statute must be paid before the case can close.[2]

Prior to January 26, 1996 (the "Effective Date"), subsection (a)(6) of Section 1930, Title 28, United States Code, provided that a Chapter 11 debtor was required to pay quarterly fees to the Trustee "until a plan is confirmed or the case is converted or dismissed, whichever occurs first." 28 U.S.C. § 1930(a)(6) (1994). On the Effective Date, Congress passed the Balanced Budget Down-Payment Act, I (the "Act").[3] Section 211 of the Act amended Public Law 104–91[4] ("Law 104–91") to incorporate certain provisions from House Conference Report No. 104–378[5] (the "Conference Report"), regarding the Department of Justice. By reference to the Conference Report, the Act amends, *inter alia*, Section 1930 by deleting the phrase "a plan is confirmed or" (the "Amendment"). The Amendment therefore allows the Trustee to collect its normal fees in a Chapter 11 case after confirmation of a plan of reorganization and until conversion or dismissal.

may be required by court order pursuant to 28 U.S.C. Section 1930(a)(6)." (Doc. No. 121). The only remaining issue is whether the Debtor is responsible for any additional Trustee fees.

3. Pub.L. 104–99, 110 Stat. 26 (1996).

4. 110 Stat. 7 (January 6, 1996).

5. H.R.Conf.Rep. No. 378, 104th Cong., 1st Sess. (1995).

282

The issue in this case is whether the Amendment applies retroactively to a case in which an order confirming a plan of reorganization was entered prior to the Effective Date. The language of the Act, Law 104–91 and the Conference Report does not provide any indication as to whether the Amendment was intended to be applied retroactively to Chapter 11 cases confirmed before the Effective Date.[6]

In addition, the limited legislative history provides no indication of Congress' intent regarding the retroactive applicability of the amended statute. The Report of the Senate Committee on Appropriations provides:

> As requested, the Committee recommendation includes an extension of the quarterly fee payments made under chapter 11 to include the period after a reorganization plan has been confirmed by the bankruptcy court until the case has been dismissed.

S.Rep. No. 139, 104th Cong., 1st Sess. (1995). The Committee Report also adds:

> Section 111 adds new language, as proposed by the administration, to extend the quarterly fee payments for debtors under chapter 11 of the Bankruptcy Code to include the period from when a reorganization plan is confirmed by the Bankruptcy Court until the case is converted or dismissed.

*Id.*

■ Because neither the amended statute or its legislative history specify whether debtors in a Chapter 11 case who have successfully confirmed a plan of reorganization prior to the Effective Date are required to pay additional fees imposed by the Amendment, judicial construction of the statute is necessary. Statutory interpretation initially focuses on the plain language of the statute itself. *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990), *citing, Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Here, the statute provides no guidance on whether the statute should or should not be retroactively applied.

■ However, a strong judicial presumption against retroactive application of statutes exists. *Landgraf v. USI Film Products,* — U.S. —, —, 114 S.Ct. 1483, 1499–1500, 128 L.Ed.2d 229 (1994). "[P]rospectivity remains the default rule. Because it accords with widely held intuitions about how statutes ordinarily operate, a presumption against retroactivity will generally coincide with legislative and public expectations." — U.S. at —, 114 S.Ct. at 1501.

*Landgraf* addressed the applicability of amendments to Title VII of the Civil Rights of 1964, which provided for additional recovery of compensatory and punitive damages for certain violations. The Court held that the compensatory damages provision could not be applied to conduct which occurred prior to enactment because it would potentially increase the liabilities of defendants and would impact employers' planning by imposing a new legal burden for past employee conduct. *Landgraf,* — U.S. at — – —, 114 S.Ct. at 1506–07. In reaching the result, the *Landgraf* court stated:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or *impose new duties with respect to transactions already completed.* If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear Congressional intent favoring such a result. (emphasis added)

*Id.* In the absence of a Congressional expression of intent, the court observed:

**6.** Section 110 of Law 104–91 provides that, "[f]or the purposes of this title of this Act, the time covered by this title of this Act shall be considered to have begun on December 16, 1995." This date, however, is still subsequent to the Confirmation Date in the Debtor's case.

. . . we understand the instruction that the provisions are to "take effect upon enactment" to mean that courts should evaluate each provision of the Act in light of ordinary judicial principles concerning the application of new rules to pending cases and pre-enactment conduct.

*Id.*

 A confirmation order constitutes a final order determining a debtor's duties following reorganization. *Abel v. Shugrue (In re Ionosphere Clubs, Inc.),* 179 B.R. 24, 27–28 (S.D.N.Y.1995). The Amendment clearly would impose a new duty on this Debtor, and other similarly situated debtors, which was not present on the Confirmation Date.

■ As a general rule, Chapter 11 reorganizations generally do not produce excess cash flow sufficient to support expenses not contemplated under a confirmed plan of reorganization. Indeed, the public policy underlying the confirmation of a plan of reorganization mandates that all available funds should pay existing debts and satisfy creditors' claims. Further, a debtor clearly has an interest in knowing with certainty the amount of payments for which it will be obligated following confirmation of its plan. The Amendment requires payment of fees which were unbudgeted and unanticipated during the plan negotiations and at confirmation. To impose new expense obligations on the Debtor following confirmation may result in the need for modification of the plan or liquidation which simply is not fair or in the best interests of the debtor's creditors.

■ To require the Debtor in this case to pay additional post-confirmation fees which were not expected and which are not available would result in manifest injustice to the Debtor and its creditors. *Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Judicial construction requires that such an unjust result be avoided.

Accordingly, the provisions of the Amendment shall have only a prospective, and not a retroactive, application. Specifically, the provisions of the Amendment which requires debtors in pending Chapter 11 cases to pay fees to the Trustee until the case is closed or dismissed is not applicable to cases in which a confirmation order was entered prior to the Effective Date, January 26, 1996. Accordingly, it is

ORDERED:

1. The Objection by United States Trustee to Debtor's Motion for Final Decree is overruled.

2. The Debtor is not required to pay any additional fees to the Trustee.

DONE AND ORDERED.