**In re CENTRAL FLORIDA ELECTRIC, INC., Debtor.**

**Bankruptcy No. 95–01060–6J1.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

June 13, 1996.

Frank M. Wolff, Wolff, Hill, McFarlin & Herron, P.A., Orlando, FL, for Debtor.

Margaret S. Hull, U.S. Trustee's Office, Orlando, FL, for U.S. Trustee.

*ORDER GRANTING MOTION FOR RECONSIDERATION*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on May 15, 1996, on the Motion for Reconsideration (the "Motion for Reconsideration") filed by the United States Trustee (the "Trustee") with respect to the Order Overruling Objection by United States Trustee to Debtor's Motion for Final Decree (the "Prior Order") (194 B.R. 280). The Trustee objects to entry of a final decree in this Chapter 11 case alleging that the debtor, Central Florida Electric, Inc. (the "Debtor"), is responsible for payment of the Trustee's quarterly fees subsequent to confirmation of Debtor's plan of reorganization and pursuant to amended 28 U.S.C. Section 1930(a)(6) (the "Amended Statute").[1]

---

1. The Debtor's plan was confirmed on October 26, 1995 ("Confirmation Date"). The Amended

In the Prior Order, retroactive application of the Amended Statute was determined to result in manifest injustice to the Debtor because it would have required the Debtor to pay Trustee fees from the Confirmation Date which was prior to the Effective Date. As such, the Amended Statute was deemed inapplicable to Chapter 11 cases in which a confirmation order was entered prior to the Effective Date.

In the Motion for Reconsideration, the Trustee submitted the following language contained in House Conference Report No. 104–378 (the "Conference Report") prepared in conjunction with the enactment of the Amended Statute:

> In addition, under section 111, the conferees agree to include an extension of post-confirmation quarterly fee payments made under Chapter 11 as proposed in both the House and Senate bills and expect that *these fees will apply to all pending Chapter 11 cases with confirmed reorganization plans.*

H.R.Conf.Rep. No. 378, 104th Cong., 1st Sess. —— (1995); 141 Cong.Rec. H13894 (emphasis added). The Conference Report also includes the following comments with respect to Section 111:

> Sec. 111.—The conference agreement includes section 111 as proposed in the House and Senate bills, which extends the quarterly fee payments for debtors under Chapter 11 of the Bankruptcy Code to include the period from when a reorganization plan is confirmed by the Bankruptcy Court until the case is converted or dismissed. The conferees intend that this fee will apply to both pending and new cases.

H.R.Conf.Rep. No. 378, 104th Cong., 1st Sess. —— (1995); 141 Cong.Rec. H13899.

The Trustee argues that the Conference Report indicates Congress' intention that the Amended Statute be applied to all pending Chapter 11 cases regardless of whether confirmation orders were entered on the Effective Date. The Trustee asserts that the legislative history is clear that the Amended Statue applies to *all* pending cases and argues that any retroactivity problems are

avoided by limiting any payment obligations to those arising *after* the Effective Date.

Essentially, the Trustee has modified its prior position. In cases where a confirmation order was entered *prior* to the date of enactment of the Amended Statute, the Trustee now is seeking fees *only* from the Effective Date to the entry of the final decree, not from the earlier confirmation date. Therefore, the Trustee is no longer seeking fees payable prior to the Effective Date. The Trustee argues that, because it is no longer seeking fees for the period between the Confirmation Date and Effective Date, there is no retroactive application of the Amended Statue.

■■■ After reviewing the legislative history and giving further consideration to the applicable law, the Court accepts the Trustee's position. The Conference Report indicates that the fees are intended to apply in all pending Chapter 11 cases including those with confirmed reorganization plans. As noted by the Court in *Landgraf v. USI Film Prods.,* " 'where congressional intent is clear, it governs.' " 511 U.S. 244, —— n. 24, 114 S.Ct. 1483, 1499 n. 24, 128 L.Ed.2d 229 (1994), *quoting, Kaiser Alum. & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 837–38, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). Here, Congress has prescribed the reach of the Amended Statute to include all Chapter 11 cases including all cases with or without confirmed Chapter 11 reorganization plans.

As to retroactivity, given the modification of the Trustee's position, the application of the Amended Statute is no longer necessarily retroactive. To the extent any retroactivity argument survives, the application, as modified, is not constitutionally infirm. The Supreme Court in discussing the principle of retroactivity and its constitutional limits tends to give Congress broad latitude in applying statutes retroactively, requiring only a rational basis for the retroactive application. *See, United States v. Carlton,* —— U.S. ——, 114 S.Ct. 2018, 129 L.Ed.2d 22 (1994). Considering the judicially approved discretion given to the enacting legislature as well as the modification in the Trustee's position,

Statute became effective January 26, 1996 (the "Effective Date").

**382**

this Court concludes that any continuing retroactivity problems are eliminated by the Trustee seeking fees from the Effective Date forward. Accordingly, it is

ORDERED:

1. The Motion for Reconsideration is granted.

2. The debtor, Central Florida Electric, Inc., is directed to pay the Trustee fees incurred from the Effective Date, January 27, 1996, to and including the date the Final Decree was entered on March 6, 1996.

DONE AND ORDERED.