**In re Barbara June BOONE, dba B n J Grocery, Gregg's Enterprises, Inc., Jule Nance, Billy Curtis Collins, Charles W. and Marilyn P. Qualls, Debtors.**

Bankruptcy Nos. 93–12631, 94–10575, 94–12293, 94–12356, 95–10590 and 95–11204.

United States Bankruptcy Court, W.D. Tennessee, Eastern Division.

June 20, 1996.

**MEMORANDUM OPINION AND ORDER RE MOTION FOR FINAL DECREE AND OBJECTION THERETO FILED BY THE UNITED STATES TRUSTEE PURSUANT TO AMENDED 28 U.S.C. § 1930(a)(6)**

G. HARVEY BOSWELL, Bankruptcy Judge.

These contested matters, governed by FED.R.BANKR.P. 9014, came to be heard by the Court on May 8, 1996. In all of the cases, the debtors filed a motion for final decree pursuant to FED.R.BANKR.P. 3022. The United States Trustee objected to these motions on the grounds that the debtors failed to pay quarterly fees pursuant to amended 28 U.S.C. § 1930(a)(6). The question for the Court is whether amended 28 U.S.C. § 1930(a)(6) applies retroactively to pending chapter 11 cases including cases in which a confirmation order was entered prior to the effective date of the amendment. Because the question is the same in all six cases, the Court consolidated them for purposes of hearing oral arguments and making its decision.

By virtue of 28 U.S.C. § 157(b)(2)(A), (L), this is a core proceeding. Based on undisputed background facts and consideration of the case record as a whole, the following shall serve as this Court's findings of fact and conclusions of law pursuant to FED.R.BANKR.P. 7052.

### I. Findings of Fact

In each of the six cases, this Court approved the disclosure statements and confirmed debtors' reorganization plans prior to January 26, 1996, the effective date of the amendment.[1] The U.S. Trustee points out that the order confirming the plan in the *Qualls* case was entered on February 7, 1996, after the effective date. For the reasons set forth in Part II of this opinion, this argument is without merit.

Part of the statutory provisions required for confirmation is § 1129(a)(12), which provides as follows:

(12) All fees payable under section 1930, *as determined by the court at the hearing on confirmation of the plan,* have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

It is uncontested that these pre-confirmation fees were paid by the debtors. The Court emphasizes that at the time of the commencement of these chapter 11 cases 28 U.S.C. § 1930(a)(6) provided that a chapter 11 debtor was required to pay statutory quarterly fees only "until a plan is confirmed or the case is converted or dismissed, whichever occurs first." No requirement or expectation existed at the time of confirmation for payment of post-confirmation fees.

On January 26, 1996, Congress amended § 1930(a)(6) by deleting the phrase "a plan is confirmed or" (the "amended statute"). The amended statutes reads as follows:

(6) In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first.

The amended statute is silent as to whether chapter 11 debtors must pay post-confirmation quarterly fees.

### II. Conclusions of Law

The U.S. Trustee argues that the intent of the amended statute is to require debtors to pay quarterly fees up to and after

1.

| Case Name | Case No. | Order Approving Disclosure Statement | Order Confirming The Plan |
| --- | --- | --- | --- |
| Jones | 93–12631 | May 6, 1995 | August 2, 1995 |
| Boone | 94–10575 | April 13, 1995 | July 5, 1995 |
| Gregg's Ent. | 94–12293 | April 13, 1995 | September 26, 1995 |
| Nance | 94–12356 | April 13, 1995 | October 13, 1995 |
| Collins | 95–10590 | September 21, 1995 | January 3, 1996 |
| Qualls | 95–11204 | December 7, 1995 | February 7, 1996 |

confirmation until the case is converted, dismissed, or closed. The U.S. Trustee has inferred that fees are required until a case is closed. The statute, however, does not allow for the payment of quarterly fees post-confirmation if the case is closed. The statute plainly says that quarterly fees shall be paid until *"the case is converted or dismissed."* According to the Supreme Court, courts must construe statutes by first looking to the plain meaning of the statute. If the meaning is plain from the statute, there is no need to review the legislative history to the statute. This Court finds that the statute is plain and clear: quarterly fees are to be paid by a debtor until his case is converted or dismissed. In all of the cases in question, none were converted or dismissed. Furthermore, all of the debtors have substantially consummated their plans and have filed motions for final decree. Thus, following the plain meaning of the amended statute, the U.S. Trustee is not entitled to post-confirmation quarterly fees in these cases or any other chapter 11 cases, pending or otherwise, which are not converted or dismissed.

### III. Order

It is therefore **ORDERED** that the U.S. Trustee's objections to the motions for final decree in the six cases before the Court are **DENIED.**

It is **FURTHER ORDERED** that the motions for final decree filed by the debtors are **GRANTED.**

**IT IS SO ORDERED.**