**In re C n' B OF FLORIDA, INC.**
**d/b/a Bradwoods, Debtor.**

**In re PROFESSIONAL ADMINISTRA-TORS & MANAGERS, Professional Insurance Center, Inc. and John Frank Madiedo, Jr., Debtors.**

**In re SER–COM, INC., Debtor.**

**Bankruptcy Nos. 93–8225–9P1, 92–14217–8P1 to 92–14219–8P1 and 89–6830–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 17, 1996.

Jeffrey W. Leasure, Fort Myers, FL, for Debtor, C n' B of Florida, Inc.

Katz, Kutter, Haigler, Alderman, Marks & Bryant, Tallahassee, FL, Marsha G. Rydberg, Michael S. Rywant, Rywant, Alvarez, Jones & Russo, Tampa, FL, for Debtors, Professional Administrators & Managers, et al.

Malka Isaak, Tampa, FL, for Debtor, Ser–Com, Inc.

**ORDER ON MOTIONS FOR FINAL DECREE**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with proper notice upon the Motion for Final De-

cree filed by C n' B of Florida, Inc. (C n' B); the Applications for Final Decree filed by Professional Administrators & Managers, Professional Insurance Center, Inc. and John Frank Madiedo, Jr., (Professional Administrators & Managers, et al.) and upon a Motion to Vacate Final Decree filed in Ser–Com, Inc. (Ser–Com), all Debtors in the above-captioned Chapter 11 cases; together with the Objection to the Motion for Final Decree and Objections to the Applications for Final Decree filed by the U.S. Trustee (Trustee) in the cases of C 'n B and Professional Administrators, et al. It is the Trustee's contention in the cases of C n' B and Professional Administrators, et al., that these Debtors are not entitled to the entry of a Final Decree until the quarterly fees imposed by 28 U.S.C. § 1930(a)(6), as amended, are paid and that the Trustee is entitled to an Order vacating the Final Decree already entered in Ser–Com because the Final Decree was entered even though Ser–Com failed to pay the quarterly fee.

## C n' B OF FLORIDA, INC.

C n' B filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code on August 2, 1993, and the Plan of Reorganization was confirmed on September 16, 1994. The Plan was substantially consummated and on April 24, 1996, C n' B filed its Motion for Final Decree. The only matter which remained unresolved at that time was an Application for Allowance of Compensation and Reimbursement of Expenses filed by C n' B's attorneys, the law firm of Leasure, Gargano & Marchewka, P.A., for the period April 25, 1994, through May 8, 1995. That Fee Application was filed with this Court on July 20, 1995. However, due to an oversight by the Court and through no fault of C n' B, no order was entered on that Fee Application until June 18, 1996.

## PROFESSIONAL ADMINISTRATORS & MANAGERS, et al.

Professional Administrators & Managers, et al., filed Petitions for Relief under Chapter 11 of the Bankruptcy Code on October 29, 1992. The consolidated Plan of Reorganization was confirmed by Order entered on August 7, 1995. The liquidating Plan was substantially consummated and all cash distributions required by the Plan were made. On April 4, 1996, Professional Administrators & Managers, et al., applied for the entry of a Final Decree in all three cases. On May 16, 1996, the U.S. Trustee filed an Objection to the entry of a Final Decree. The only activity in these cases was the entry of orders on allowance or disallowance of claims, none of which were matters involving the U.S. Trustee at all.

## SER–COM, INC.

The factual scenario in Ser–Com is somewhat different, but the issue raised by the U.S. Trustee is identical. Ser–Com filed its Voluntary Petition for Relief on September 25, 1989. On January 29, 1991, this Court confirmed the Plan of Reorganization. After the entry of the Order of Confirmation Ser–Com and the Internal Revenue Service (IRS) were involved in litigation concerning the allowability of a claim filed by the IRS.

On April 25, 1991, the IRS filed two notices of appeal, one directed to this Court's Order on Motion to Value Collateral and the other directed to this Court's Order on Objection to the Claim of the IRS. On May 24, 1991, the IRS withdrew both Notices of Appeal.

On November 26, 1993, Ser–Com filed a Motion to Compel the IRS to comply with the terms of the confirmed Plan of Reorganization. On February 10, 1994, this Court entered an Order and deferred ruling on the Motion based on the representation that Ser–Com and the IRS were in the process of resolving the issue. On September 7, 1994, Ser–Com filed its Motion for Entry of Final Decree and its Final Report and Accounting. On December 12, 1994, the IRS filed an Objection to Motion for Entry of Final Decree. The hearing on the Objection was scheduled for March 7, 1995. On March 10, 1995, Ser–Com filed a Motion for Assessment of Sanctions pursuant to Bankruptcy Rule 9011 against the IRS. On May 11, 1995, Ser–Com, based on assurances by the IRS that they would comply with the terms of the confirmed Plan, filed a Motion and withdrew the Motion for Sanctions. On April 12, 1996,

this Court entered an Order and overruled the Objection of the IRS to the entry of a Final Decree and on May 28, 1996, entered the Final Decree. On June 7, 1996, the U.S. Trustee filed a Motion to Vacate the Final Decree.

In support of its Objections to the entry of Final Decrees in C n' B and Professional Administrators & Managers, et al., the Trustee contends that it would be improper to close these confirmed Chapter 11 cases and enter Final Decrees until these Debtors pay the quarterly service fee required to be paid in a Chapter 11 case, even after the Plan of Reorganization has been confirmed, as required by the Amendment of 28 U.S.C. § 1930(a)(6) by § 111 of Public Law 104–99 Stat. 26 which became effective on January 26, 1996. This Amendment, in essence, now provides that the obligation to pay the quarterly service fee, payable to the Office of the U.S. Trustee, shall continue until the Chapter 11 case is "dismissed or converted."

■ If one follows the plain language rule enunciated by Justice Scalia in the case of *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), the proposition urged by the Trustee is without merit. In that case, Justice Scalia stated "the task of resolving the dispute over the meaning of § 506(b) begins where all such inquiries must begin: with the language of the statute itself. *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692, 696 (1985). In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms'. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442, 447 (1917)." *Ron Pair,* 489 U.S. at 241, 109 S.Ct. at 1031, 103 L.Ed.2d at 298.

■ Notwithstanding the apparent clear, plain language of the Amendment, the U.S. Trustee contends that the quarterly fee should be charged and paid until the Final Decree is entered and the case is closed even though the confirmed Chapter 11 case was never *dismissed* or *converted* (emphasis supplied). It has been suggested that a different interpretation of the Amendment would

not only create an absurd result, because it would require the payment of the quarterly fee until the end of time, but also because it would require payment in a Chapter 11 case even after the entry of a Final Decree when there is no longer a "case" pending and there is no longer a Debtor who would be subject to the jurisdiction of this Court, or to any provisions of 28 U.S.C. § 1930(a)(6).

This Court is constrained to reject the Trustee's suggestion that a sensible interpretation of the Amendment would require it to conclude that the quarterly fee must be paid even though the Chapter 11 case was neither dismissed nor converted and until the Final Decree is entered. Had Congress intended to make this clear, it no doubt wouldn't have had any difficulty providing, in clear language, that this was the intention of the Amendment. Neither the text of the Amendment nor the legislative history indicates or even intimates that such was the congressional intent. This Court, therefore, expressly rejects the Trustee's proposition that the quarterly fee must be paid as long as the case is pending, because the provision of the Amendment that the fees are payable until the Chapter 11 case is dismissed or converted is equally supportive of the interpretation that Congress intended the fees to be paid in an aborted Chapter 11 case where the Debtor was unable to consummate a confirmed plan and the confirmed Chapter 11 is either dismissed or converted pursuant to § 1112(b)(6), (7), (8) or (10).

Whether or not Congress was aware of the difficulty in applying the Amendment in confirmed Chapter 11 cases is not known, but it is worthwhile to note that the Trustee's interpretation of the Amendment is pregnant with flaws and cannot be conceptually reconciled with the overall statutory scheme of Chapter 11 for the following reasons.

First, the quarterly fees are required to be paid by a Debtor-in-Possession; however, after the entry of the Order of Confirmation there is no longer a Debtor-in-Possession, but only a Debtor. Second, § 1141 revests to the Debtor all of the property of the estate free and clear of any claims and interests except those which are otherwise provided

for in the Plan or in the Order of Confirmation. Third, the quarterly fee to be paid by a Debtor-in-Possession during the pendency of the Chapter 11 case is computed on the disbursements made by the Debtor-in-Possession during the relevant period. The bases for determining the amount owed are the operating reports required to be filed by the Debtor-in-Possession. No such reports are required after the entry of the Order of Confirmation and neither the Bankruptcy Code nor the Rules furnishes any authority to compel a Debtor whose Plan has been confirmed to file any operating reports with the office of the U.S. Trustee.

Fourth, in a Chapter 11 case when the Plan calls for a total liquidation of all assets and is consummated by the distribution of all funds pursuant to the Plan but, because of an appeal which is pending either in the District Court or the Court of Appeals, the Chapter 11 case cannot be technically closed and no Final Decree can be entered until the appeal is resolved, it would be impossible to comply with the interpretation urged by the Trustee. This is so because there would be no surviving Debtor if the Debtor was a corporation or a partnership and there would be no funds from which quarterly fees could be paid. Lastly, it is not unusual that some ministerial housekeeping items including fee applications, which must be resolved in order to close the case, are misplaced or not ruled on due to some oversight or are delayed by a congested calendar. However, none of those events are attributable to any fault of the Debtor; yet the Debtor would be penalized, if required to pay the quarterly fee, until these matters are resolved and the case is ready for the entry of a Final Decree.

This Court's research has revealed only four cases dealing with the 1996 Amendment. The first decision, by the Bankruptcy Court for the District of Puerto Rico, was the case of *Northwestern Trading Co., Inc.,* Case No. 93–00029 (not generally reported), in an Order entered on May 1, 1996, resorted to the literal interpretation of the language of the Amendment and concluded that the fee is only payable if the case is dismissed or converted after the plan is confirmed. In that instance, since the Chapter 11 case was nei-

ther dismissed nor converted, but the Plan was substantially consummated, the Objection of the U.S. Trustee to the entry of the Final Decree was overruled. Judge DeJesus expressly rejected the Trustee's reliance on the legislative history of the Amendment by pointing out that "the conference agreement includes § 111 as proposed in the House and Senate bills, which extends the quarterly fee payments for debtors under Chapter 11 of the Bankruptcy Code to include the period from when a reorganization plan is confirmed by the Bankruptcy Court until the case is converted or dismissed, and sheds no light whether it should apply to confirmed Chapter 11 cases which are not dismissed or converted." 141 Cong.Rec. H13784–01, 1995 WL 709823.

The issue was also presented in a different context, in the second case of *Central Florida Electric, Inc.,* 194 B.R. 280 (Bankr. M.D.Fla.1996) decided by the Honorable Karen Jennemann of the Bankruptcy Court for the Middle District of Florida, Orlando Division, who considered the issue in a different context and considered not the text of the amendment but only the question whether or not the amendment applied retroactively and she answered this question in the negative. In that case, Judge Jennemann initially overruled the Trustee's objection to the entry of the Final Decree in a decision which was reported at 194 B.R. 280 (Bankr.M.D.Fla. 1996). The U.S. Trustee moved for reconsideration and urged that to apply the Amendment retroactively would have been inequitable and manifestly unjust because it would have required the Debtor to pay the quarterly fees from the confirmation date, which was prior to the effective date of the Amendment. Judge Jennemann in *Central Florida Electric,* 197 B.R. 380 (Bankr.M.D.Fla.1996), held that it was clear from the conference report that the fees were intended to apply in all pending Chapter 11 cases, including those with confirmed reorganization plans. The decision on reconsideration was based on the fact that the Trustee had modified its position and concluded that the quarterly fee, in cases where the Order of Confirmation was entered prior to the date of enactment, should apply only from the effective date to

the entry of the Final Decree and not from the earlier confirmation date.

■ The precise issue involved in the instant cases was not raised in *Central Florida Electric, Inc.* and was not commented on by Judge Jennemann. As an aside, one should note, however, that the Court recognized the principle that where congressional intent is clear it governs, citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

The third case is *In the Matter of Upton Printing*, Case No. 95–12256–B (not generally reported), pending before the United Stated Bankruptcy Court for the Eastern District of Louisiana, which similarly dealt with the retroactive application of the statute. Judge Brown cited with approval *Central Florida Electric* and rejected the ruling of *Northwestern Trading* on the basis that the Court did not consider the legislative history of the amended statute.

The fourth case dealing with the issue was the case of *In re Foxcroft Square Company*, 198 B.R. 99 decided on July 10, 1996. Just like *Central Florida I and II* and *Upton Printing, supra.*, dealt with the issue of the retroactive applicability of the amendment in addition with the contention of unconstitutional taking. The Court rejected this last contention and agreed with Central Florida II and Upton Printing.

*Foxcroft Square* just like the *Central Florida II* and *Upton Printing* did not consider the text of the amendment but merely focused on the legislative history which stated that the amendment applies to all pending cases but never answered the question for how long, especially in numerous cases when no final decree was ever entered, especially in cases involving dissolved corporations whose assets were liquidated and distributed a long time ago and there are no longer any funds from which the fee could be paid and when there is no one who could perform this task even if there were still funds around, a rare situation indeed.

However, *Northwestern Trading*, which is squarely on point with the issue raised by the cases presently under consideration, concluded, as noted, that the requirement to pay the quarterly fee post-confirmation runs only until the case is dismissed or converted. This Court is in agreement with the decision of the Bankruptcy Court of Puerto Rico in *Northwestern Trading* and is satisfied that the 1996 Amendment of § 1930(a)(6) requires payment of quarterly fees only in aborted Chapter 11 cases, when the case is either dismissed or converted, and does not apply in successful and substantially consummated Chapter 11 cases, even though the Final Decree is not entered until later due to outstanding matters, as discussed earlier.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions for Entry of Final Decree filed by C n' B of Florida, Inc., d/b/a Bradwoods; Professional Administrators & Managers; Professional Insurance Center, Inc., and John Frank Madiedo, Jr., be and the same are hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the U.S. Trustee's Objections to Entry of Final Decree filed in C n' B of Florida, Inc., d/b/a Bradwoods and Professional Administrators & Managers, Professional Insurance Center, Inc., and John Frank Madiedo, Jr. be, and the same are hereby, overruled and a Final Decree shall be entered forthwith in each case. It is further

ORDERED, ADJUDGED AND DECREED that the U.S. Trustee's Motion to Vacate Final Decree entered in Ser–Com, Inc., be, and the same is hereby, denied.

DONE AND ORDERED.