**In re RICHARDSON SERVICE CORPORATION, Earp & Sons Mortuaries, Inc., Debtors.**

Bankruptcy Nos. 91–41812–1–11, 91–42146–1–11.

United States Bankruptcy Court, W.D. Missouri.

May 16, 1997.

Thomas M. Franklin, Atty. at Law, Kansas City, MO, for debtors.

Jerry L. Phillips, Office of U.S. Trustee, Kansas City, MO, Trustee.

## ORDER

KAREN M. SEE, Bankruptcy Judge.

This matter comes before the court on Debtors' joint application for entry of a final decree, and the United States Trustee's response requesting Debtors be directed to pay quarterly fees assessed under 28 U.S.C. § 1930(a)(6). The court has jurisdiction over this core proceeding and may enter final orders pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O).

After review of the files of the two captioned cases; the parties' Stipulation of Facts; the parties' legal memoranda; and relevant authorities, the court concludes the January 1996 amendment to 28 U.S.C. § 1930(a)(6) applies to confirmed cases pending as of the effective date of the amendment. Accordingly, Debtors are obligated to pay the U.S. Trustee the quarterly fees assessed under 28 U.S.C. § 1930(a)(6), as amended January 27, 1996 and September 30, 1996, for the period from enactment of the January amendment through the date of entry of the final decree.

## BACKGROUND AND FACTS

Debtors Richardson Service Corporation and Earp & Sons Mortuaries, Inc. filed Chapter 11 cases on June 3, 1991 and June 21, 1991. Their separate cases were administratively joined on July 23, 1991. Debtors' joint amended plan of reorganization was confirmed on December 18, 1991.

In 1991, when Debtors' plan was confirmed, 28 U.S.C. § 1930(a)(6) required Chapter 11 debtors to pay the U.S. Trustee a quarterly fee "until a plan is confirmed or the case is converted or dismissed, whichever occurs first." On January 27, 1996, The Balanced Budget Down Payment Act I, Pub.L.

104–99, 110 Stat. 26 (1996) was enacted into law. The Balanced Budget Act amended § 1930(a)(6) to require Chapter 11 debtors to pay the quarterly fee "until the case is converted or dismissed, whichever occurs first," and deleted the provision that accrual of fees would terminate when "a plan is confirmed." 28 U.S.C. § 1930(a)(6) (1996). Thereafter, on September 30, 1996, the President signed into law the Omnibus Appropriations Act, Public Law 104–208, 110 Stat. 3009 (1996). This Act further amended the quarterly fee statute by providing that "the fees under 28 U.S.C.§1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of confirmation status of their plans."

Debtors dispute whether the January and September, 1996 amendments impose the statutory fees on Chapter 11 debtors with cases confirmed before enactment of the amendments. They also assert the terms of the confirmed plan bar imposition of these fees. Finally, Debtors assert their cases were closed in 1992, and therefore, retroactive application of the amendments to their cases is prohibited pursuant to the Separation of Powers clause of the United States Constitution.

## DISCUSSION

Courts addressing application of the January 1996 amendment to confirmed Chapter 11 cases are split along various lines of analysis. Some courts hold the amendment applies to cases confirmed prior to the effective date of the amendment. See. e.g., In re McLean Square Assoc., G.P., 201 B.R. 436, 440–442 (Bankr.E.D.Va.1996); In re Foxcroft Square Co., 198 B.R. 99, 102–106 (Bankr. E.D.Penn.1996); In re Upton Printing, 197 B.R. 616, 618–620 (Bankr.E.D.La.1996); In re Central Florida Electric, Inc., 197 B.R. 380, 381 (Bankr.M.D.Fla.1996). Other courts take the opposite view and hold the amendment does not apply to confirmed cases. See, e.g., In re Beechknoll Nursing Homes, Inc., 202 B.R. 260, 261–262 (Bankr.S.D.Ohio 1996); In re Hudson Oil Co., Inc., 200 B.R. 52, 54–56 (Bankr.D.Kan.1996); In re Precision Autocraft, Inc., 197 B.R. 901, 905–907

(Bankr.W.D.Wash.1996). Still a third set of courts hold the plain language of the statute requires that quarterly fees be paid only by debtors whose cases are converted or dismissed. *In re Boone*, 201 B.R. 499, 501 (Bankr.W.D.Tenn.1996); *In re CF & I Fabricators of Utah, Inc.*, 199 B.R. 986, 993 (Bankr.D.Utah 1996); *In re C n' B of Florida, Inc.*, 198 B.R. 836, 838 (Bankr.M.D.Fla.1996). Finally, at least one court has held that, absent an express reservation of jurisdiction clause in the plan, the bankruptcy court's jurisdiction following confirmation is limited to the implementation or execution of the confirmed plan and, therefore, the court does not have jurisdiction to collect postconfirmation fees. *In re Gryphon at the Stone Mansion*, 204 B.R. 460, 462–463 (Bankr.W.D.Penn.1997). This court agrees with those courts holding that the amendment applies to cases confirmed as of the amendment's effective date.

■ The legislative history of the January amendment clearly establishes congressional intent that the fee amendment apply to all pending Chapter 11 cases. The initial House Report of the Committee on Appropriations recommended "an extension of the quarterly fee payments under Chapter 11 to include the period after a reorganization plan has been confirmed by the bankruptcy court until the case has been dismissed (*i.e.*, the postconfirmation period)." H.R.Rep. No. 104–196, 104th Cong., 1st Sess., at 16–17 (1995). The Senate Committee on Appropriations made a similar recommendation. *See* S.Rep. No. 104–139, 104th Cong., 1st Sess., at 16 (1995). Also, the Joint Explanatory Statement of the Committee of Conference comments that "... the conferees ... expect that these fees will apply to all pending Chapter 11 cases with confirmed reorganization plans." 141 CONG. REC. H13894. "The conferees intend that this fee will apply to both pending and new cases." 141 CONG REC. H13899.

Whatever doubt that may have existed previously with respect to Congress's intended reach of the amendment was rectified on September 30, 1996, when Congress again amended § 1930(a)(6). On that date, the President signed into law the Omnibus Appropriations Act, P.L. 104–208, 110 Stat. 3009 (1996), which further amended section 211 of Public Law 104–99 to provide that "... notwithstanding any other provision of law, the fees under 28 U.S.C. § 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), **regardless of confirmation status of their plans.**" [emphasis added].

■ Contrary to Debtors' arguments, the amendment to § 1930(a)(6) does not operate retroactively by imposing a quarterly fee on debtors with confirmed plans. The amendment does not provide for collection of fees from the date the plan was confirmed until entry of a final decree, and the U.S. Trustee does not seek to impose such fees in the present case. The amendment only triggers prospective assessment of fees from the amendment's effective date until entry of the final decree. *See Foxcroft Square*, 198 B.R. at 104; *Upton Printing*, 197 B.R. at 620; *Central Florida Electric*, 197 B.R. at 381–382. This limitation is now expressly stated in the September 1996 amendment to § 1930(a)(6).

■ Even if one assumes for purposes of argument that the amendment operates retroactively, the amendment would still be valid under the Supreme Court's decisions in *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) and *U.S. v. Carlton*, 512 U.S. 26, 114 S.Ct. 2018, 129 L.Ed.2d 22 (1994), which allow retroactive application of a statute if Congress has expressly prescribed the statute's proper reach and the statute is supported by a rational legislative purpose. *Landgraf*, 511 U.S. at 280–281, 286, 114 S.Ct. at 1505, 1508; *Carlton*, 512 U.S. at 26–28, 114 S.Ct. at 2020. As stated above, Congress has clearly prescribed the reach of the amendment to the fee statute: it applies to those debtors with Chapter 11 cases on file as of the amendment's effective date, regardless of the confirmation status of their plans. Equally clear is that the amendment is supported by a rational basis: the amendment was enacted to collect additional revenues to support the self-funded administration of bankruptcy cases. H.R.Rep. No. 104–196, at 4; *Upton*

*Printing,* 197 B.R. at 620; *see also, In re Prines,* 867 F.2d 478, 485 (8th Cir.1989) (U.S. Trustee Program is meant to be self-funded and to be paid for by the users of the bankruptcy system).

■ *Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995), cited by Debtors on the retroactivity issue, is distinguishable from the pending cases. In *Plaut,* the Supreme Court held that an amendment to the Securities Exchange Act reinstating certain fraud claims that had been time-barred by prior provision of the Act violated the Constitution's Separation of Powers clause. *Plaut,* 514 U.S. at 224–230, 115 S.Ct. at 1456–1458. The Supreme Court concluded that the amendment impermissibly caused the reopening of final judgments. In the present cases, the purported final judgment is the confirmation of the joint amended plan. The confirmed plan, however, includes a broad and non-exclusive reservation of jurisdiction provision to address post-confirmation matters. Significantly, the final judgments considered in *Plaut* did not reserve jurisdiction. Moreover, Debtors' confirmed plan does not bind the U.S. Trustee with respect to the fee statute's amendment enacted after confirmation. A confirmed plan cannot bind the United States as to statutory obligations arising after confirmation. *Holywell v. Smith,* 503 U.S. 47, 58–59, 112 S.Ct. 1021, 1028, 117 L.Ed.2d 196 (1992).

Debtors argue that their liability to pay quarterly fees was cemented at the point of confirmation and cannot be altered by a subsequent enactment of Congress, which imposes the fees in pending cases with confirmed plans. The Eighth Circuit rejected an analogous argument in *In re Prines,* 867 F.2d 478 (8th Cir.1989), in which debtors challenged as unconstitutional the imposition of the quarterly fee in the middle of their pending Chapter 11 case. They argued the fees could not be imposed on them because all their obligations were fixed when they filed bankruptcy. The Eighth Circuit pointed out that, "[c]arried to its logical conclusion, debtors' argument would mean no increases in fees, taxes, or assessments could be applied to any bankruptcy case after filing, a proposition we are unable to accept." *Id.* at 485. Likewise, carried to its logical conclusion, Debtors' argument would mean a plan would in effect immunize a debtor from any new assessments or increases in taxes or fees occurring post confirmation. This argument must fail under the reasoning of *Holywell* and *Prines.*

Cases holding that a confirmed plan binds the U.S. Trustee with respect to the post-confirmation fees were either decided prior to the effective date of the September 1996 amendment or fail to discuss the amendment and are not persuasive authority. Additionally, these cases do not discuss and are not obligated to follow the Eighth Circuit's decision in *Prines,* as this court must. The decisions in *Hudson Oil,* 200 B.R. 52 (Bankr. D.Kan.1996), and *CF & I Fabricators,* 199 B.R. 986 (Bankr.D.Utah 1996), are also distinguishable on their facts from the present situation because they involved a liquidating plan and the prospect of payment of substantial sums in post-confirmation quarterly fees. These courts were concerned the fees would unexpectedly disturb the payment of creditors from estates with fixed pools of resources. By contrast, Debtors' plan is one of reorganization, and the total fees sought to be imposed are relatively small, estimated at $2,000.00.

Neither is this court persuaded by the decisions in *Boone,* 201 B.R. 499 (Bankr. W.D.Tenn.1996), *CF & I Fabricators,* 199 B.R. at 993 (Bankr.D.Utah 1996) and *C n`B of Florida, Inc.,* 198 B.R. 836 (Bankr. M.D.Fla.1996), in which those courts interpreted the January 1996 amendment to only apply to aborted Chapter 11 cases—in other words—those that are converted or dismissed. The interpretation of these courts ignores the nature of the U.S. Trustee program. Congress intended the amendment would result in collection of additional revenues in order to support the self-funded administration of bankruptcy cases. H.R.Rep. No. 104–196, at 4; *Upton Printing,* 197 B.R. at 620; *see also, Prines,* 867 B.R. at 485. The interpretation of the amendment given by the *Boone, CF & I* and *C n`B* courts would frustrate congressional intent by narrowing the category of debtors required to

pay quarterly fees and would interfere with the ability of the U.S. Trustee Program to fund itself with respect to administration of confirmed plans.

Additionally, the instant case is distinguishable from *Gryphon,* 204 B.R. 460 (Bankr.W.D.Penn.1997), which held the bankruptcy court no longer had jurisdiction post-confirmation to award quarterly fees, because the confirmed plan in this case includes a non-exclusive reservation of jurisdiction section to allow this court to determine a broad range of post-confirmation matters. This provision is broad enough to grant the court jurisdiction to award post-confirmation quarterly fees.

■ Debtors' Chapter 11 cases remain active and pending before this court. The closing of a chapter 11 case is legally effectuated by entry of a final decree, which the Bankruptcy Code and Rules provide shall be entered after an estate is fully administered. 11 U.S.C. § 350(a) (1994); Fed. Bankr.R. 3022. The court clerk's ministerial notation of "closed" in the files is for statistical reporting purposes only and does not establish legal closure of the cases. Such a notation cannot serve as a substitute for the adjudication required under Rule 3022 because a final decree can only be entered upon a finding by the court that a case has been fully administered. 11 U.S.C. § 350(a)(1994); Fed. Bankr.R. 3022. No such finding has been made in these cases.

Accordingly, based on the foregoing, it is **ORDERED** as follows:

1. Debtors Richardson Service Corporation and Earp & Sons Mortuaries, Inc. shall pay to the U.S. Trustee, within 10 days of the date of this Order, the amount due pursuant to 28 U.S.C. § 1930(a)(6), as amended by the Balanced Budget Down Payment Act I, (P.L. 104–99), effective January 27, 1996, and further amended by the Omnibus Appropriations Act, (P.L. 104–208), effective September 30, 1996.

2. Debtors shall provide the U.S. Trustee an affidavit setting forth disbursements for each quarter from January 27, 1996.

3. The U.S. Trustee shall advise the court upon receipt of payment of the appropriate amount as required above so final decrees closing these cases can be entered.