Donald F. **WALTON**, Acting
U.S. Trustee, Appellant,

v.

**SER–COM, INC.**, Appellee.

Donald F. **WALTON**, Acting
U.S. Trustee, Appellant,

v.

**C N' B OF FLORIDA**, Appellee.

**Bankruptcy Nos. 96–1647–CIV–T–26A, 96–1648–CIV–T–26A.**

United States District Court,
M.D. Florida,
Tampa Division.

Dec. 22, 1997.

Jeffrey W. Leasure, Fort Myers, FL, for C N' B of Florida.

Malka Isaak, Tampa, FL, for Ser–Com, Inc.

**ORDER**

LAZZARA, District Judge.

This Court has for its consideration in this consolidated appeal by the Appellant–Trustee a decision of the Bankruptcy Court reported at 198 B.R. 836 (Bankr.M.D.Fla.1996). In that decision, the Bankruptcy Court held that under the amendment to 28 U.S.C. § 1930(a)(6), which became effective on Janu-

ary 26, 1996,[1] a trustee can only receive quarterly payments "in aborted Chapter 11 cases, when the case is either dismissed or converted, and [the amendment] does not apply in successful and substantially consummated Chapter 11 cases, even though the Final Decree is not entered until later due to outstanding matters, ..." 198 B.R. at 840. Because the parties concede that the material facts are not in dispute and that the resolution of this appeal turns on a question of law which this Court must review de novo,[2] the Court dispenses with oral argument pursuant to Federal Rule of Bankruptcy Procedure 8012(3).

The Appellant contends that the Bankruptcy Court erred by interpreting the amendment to section 1930(a)(6) in such a way as to deny entitlement to quarterly fees after a confirmation plan has been approved and before the entry of a final decree. To support his contention, the Appellant has filed a Notice of Supplemental Authority it which he points out that Congress has since cleared up any confusion as to its intent regarding the interpretation of the amendment by enacting section 109(d) of Public Law 104–208. The Appellant also emphasizes that the Bankruptcy Court, in conformity with this clarifying amendment, has ruled in another case that by reason of this recent amendment, "the fees under 28 U.S.C. § 1930(a)(6) continue to accrue post-confirmation until entry of the final decree, or dismissal or conversion, whichever occurs earlier." *See In re Today of Florida, Inc.*, Case No. 95–4145–8P1 (Bankr.M.D.Fla. Nov. 15, 1996) (unpublished).

It is obvious to this Court from the turn of events set forth in the Appellant's notice that the Bankruptcy Court's initial interpretation of the reach of the statute was erroneous and that, based on the clarifying amendment, it is now ruling in a manner consistent with the intent of the amended statute. Accordingly, the decision of the Bankruptcy Court is reversed and this cause is remanded to that court for the assessment of quarterly fees in favor of the Appellant. The Clerk is directed to close these files.

---

1. *See* § 111 of Pub.L. 104–99 Stat. 26.

2. The Court would note that the Appellee C N' B of Florida has not filed a brief.