**In re PRECISION AUTOCRAFT, INC., Debtor.**

**Jan Samuel OSTROVSKY, United States Trustee, Appellant,**

v.

**PRECISION AUTOCRAFT, INC., Appellee.**

**In re SEDRO–WOOLLEY LUMBER CO., WTD Industries, Inc., Treesource, Inc., et al., Debtors.**

**Jan Samuel OSTROVSKY, United States Trustee, Appellant,**

v.

**SEDRO–WOOLLEY LUMBER CO., WTD Industries, Inc., Treesource, Inc., et al., Appellees.**

**No. C96–1142R.**

United States District Court, W.D. Washington.

Jan. 9, 1997.

Order on Reconsideration Feb. 7, 1997.

Edward R. Kandler, U.S. Trustee's Office, Seattle, WA, Paul W. Bridenhagen, U.S. Dept. of Justice, Washington, DC, for Jan Samuel Ostrovsky.

Kurt Merrill Becker, John Stuart Kaplan, Perkins Coie, Seattle, WA, for appellees.

James L. Day, Bush, Strout & Kornfeld, Seattle, WA, for Presision Autocraft Inc.

Bankruptcy Appeals Clerk, U.S. Bankruptcy Court, Seattle, WA, interested party.

## ORDER ON APPEAL OF BANKRUPTCY COURT'S ENTRY OF FINAL DECREE WITHOUT PAYMENT OF POST–CONFIRMATION QUARTERLY FEES

ROTHSTEIN, District Judge.

### I. BACKGROUND

Precision Autocraft filed its Chapter 11 case on October 3, 1995. Precision's plan of reorganization was confirmed on December 15, 1995. WTD and its subsidiaries (including Sedro–Woolley Lumber Co.) filed 42 Chapter 11 cases in 1991.[1] WTD's cases were jointly administered, and its joint plan was confirmed on November 23, 1992.

On January 26, 1996, the Balanced Budget Downpayment Act, I, Pub.L. No. 104–99, Title II, 211, 110 Stat. 37 was enacted, amending 28 U.S.C. § 1930(a)(6). Section 1930(a)(6) prescribes the fees payable to the United States Trustee, and provides that in addition to the filing fee, each chapter 11 debtor must pay a quarterly fee for each quarter. With the Amendment to § 1930(a)(6), a Chapter 11 debtor's obligation to pay quarterly fees still terminates on conversion or dismissal, but it no longer terminates on confirmation.

On March 11, 1996, Precision filed a motion for a final decree. On April 4, 1996, WTD filed its motion for final decrees for the 36 cases in which no adversary proceedings were pending. In both cases, the United States Trustee ("UST") objected on the grounds that the debtors had not paid quarterly fees from January 27, 1996, under 28 U.S.C. § 1930(a)(6), as amended. Precision and WTD responded that the Amendment should not apply to them because their plans were confirmed prior to the effective date of

---

1. This court consolidated the appeals of *In re Precision Autocraft* and *In re Sedro–Woolley Lumber Co.*

the Amendment. On March 11, 1996, the bankruptcy court entered a final decree in Precision's case and ordered that the case be closed, provided Precision pay into the court registry an amount sufficient to cover quarterly fees for the first quarter of 1996 until the issue is decided. Similarly, on April 26, 1996, the bankruptcy court entered a final decree in all 36 of WTD's cases and ordered the cases closed, reserving jurisdiction to determine whether the Amendment should apply to debtors whose plans were confirmed prior to the Amendment's effective date.

On June 27, 1996, the bankruptcy court determined that because application of the Amendment to debtors with confirmed plans on the effective date has a retroactive effect, neither Precision nor WTD could be charged the fee. Finding that the Amendment did not contain a clear expression of Congress's intent to apply the Amendment retroactively, the bankruptcy court employed a presumption that Congress intended statutory amendments to operate prospectively only. Therefore, concluding that § 1930(a)(6), as amended, did not apply to Precision or WTD, the bankruptcy court entered an order granting the Debtors a final decree on July 12, 1996.

Following the bankruptcy court's decision, on September 30, 1996, the President signed into law Public Law 104–208, 110 Stat. 3009, which included an amendment clarifying the applicability of the prior amendment of § 1930(a)(6). Public Law 104–208 provides that Chapter 11 debtors pay quarterly fees "from and after January 27, 1996, in all cases (including, without limitation, any cases pending as of that date), regardless of the confirmation status of their plans...." Pub.L. 104–208, 110 Stat. 3009 (September 30, 1996).

The UST now appeals the bankruptcy court's entry of a final decree. The UST asserts that both Precision and WTD are responsible for payment of the UST's quarterly fees pursuant to Public Law 104–208, enacted September 30, 1996, clarifying the amendment to § 1930(a)(6).

## II. DISCUSSION

The parties dispute whether this court should apply Public Law 104–208 to resolve this issue. The Debtors contend that the court cannot apply Public Law 104–208 to their cases as the bankruptcy court entered a final decree and closed their cases before its enactment. The court finds, however, that Public Law 104–208 applies. Because the bankruptcy court's decision to grant the Debtors a final decree is on appeal, the court must give effect to Congress' latest enactment. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 226–28, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) (stating that for judgments on appeal, the last court in the hierarchy that rules on the case must give effect to Congress's latest enactment). Furthermore, Public Law 104–208 does not alter previous law, but merely clarifies Congress's earlier amendment to § 1930(a)(6). The clarification dates back to the time of passage of the January 26, 1996 amendment to § 1930(a)(6) and applies to the Debtors' cases. See Johnson v. U.S. Department of Housing and Urban Development, 911 F.2d 1302, 1311 (8th Cir.1990).

The issue before the court is whether Congress, under the most recent Amendment, prescribed the precise reach of the amended statute to include pending Chapter 11 cases with confirmed plans in effect at the time it enacted the amended statute. "Where the congressional intent is clear, it governs." Landgraf v. USI Film Products, 511 U.S. 244, 264, 114 S.Ct. 1483, 1496, 128 L.Ed.2d 229 (1994). Here, Public Law 104–208 makes it clear that Congress intended the Amendment to apply to all Chapter 11 cases, including those with confirmed plans in effect on the effective date of the amended statute. The plain language of Public Law 104–208 provides that the new fees set forth in the Amendment to § 1930(a)(6) apply to all pending Chapter 11 cases, "regardless of the confirmation status of the plans." Congress clearly gave consideration to the scope of the legislation. It defined the reach of the Amendment to apply to all Chapter 11 cases pending as of January 27, 1996, whether they received confirmation or not. In so doing, Public Law 104–208 provides the language

that the bankruptcy court found essential for determining the scope of the Act: it provides "a statement that the fees will apply to all pending Chapter 11 cases with confirmed plans on the effective date of the Act." *In re Precision Autocraft,* 197 B.R. 901, 905 (Bankr.W.D.Wash.1996).

■ Because the statute expressly prescribes the statute's reach, the court simply follows the evident intent of Congress and no further inquiry is required. *See Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505. The court finds, therefore, that the amendment applies to the Debtors.

### III. CONCLUSION

Based on the foregoing, the bankruptcy court's decision should be REVERSED and the cases remanded to the bankruptcy court for entry of an order reopening the cases and requiring the Debtors to pay all post-confirmation quarterly fees due to the United States Trustee.

### ORDER ON RECONSIDERATION

THE COURT has reviewed appellees' motion for reconsideration and the opposition. It is this court's intent that the issue of whether or not it is necessary to reopen the bankruptcy cases be left to the determination of the bankruptcy court. Further, it was not this court's intent to prevent arguments on reserved or unresolved issues. The court finds that it is appropriate to amend its Order on Appeal of Bankruptcy Court's Entry of Final Decree entered on January 9, 1997, to read "Based on the foregoing, the Bankruptcy Court's decision should be REVERSED and the cases remanded to the Bankruptcy Court for proceedings consistent herewith." Appellees' motion for reconsideration is GRANTED.