**In re Doreen Ann ANDERSEN, Debtor.**

**Doreen Ann ANDERSEN, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**HIGHER EDUCATION ASSISTANCE FOUNDATION and UNIPAC–NE-BHELP, Defendants–Appellees,**

**Transitional Guaranty Agency, Defendant–Counterclaimant–Appellee.**

BAP No. KS–97–059.
Bankruptcy No. 90–13912.
Adversary No. 96–5277.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 26, 1998.

Donald B. Clark, Wichita, KS, for Plaintiff–Counter–Defendant–Appellant.

N. Larry Bork, Goodell, Straton, Edmonds & Palmer, Topeka, KS, and Jodean A. Thronson (of Counsel), Staff Attorney for Educational Credit Management Corporation, St. Paul, MN, for Educational Credit Management Corporation, successor-in-interest to Defendant–Appellee Higher Education Assistance Foundation.

Before McFEELEY, Chief Judge, CORNISH, and MATHESON, Bankruptcy Judges.

## OPINION

MATHESON, Bankruptcy Judge.

This Court has before it for review the order of the United States Bankruptcy Court for the District of Kansas determining certain student loan obligations of the Debtor to be nondischargeable. For the reasons set forth below we conclude the decision of the Bankruptcy Court must be reversed and the matter remanded for further proceedings.[1]

## JURISDICTION AND STANDARD OF REVIEW

A Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As neither party has opted to have this appeal heard by the District Court for the District of Kansas, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(c).

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr.P. 8013; see First Bank v. Reid (In re Reid), 757 F.2d 230, 233–34 (10th Cir.1985). The clearly erroneous standard does not apply to the bankruptcy court's conclusions of law. Conclusions of law are reviewed de novo. Pierce v. Underwood, 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

## BACKGROUND

At the time the Debtor filed her Chapter 13 case, she had outstanding various student loan obligations. The underlying promissory notes were held by various educational loan guaranty agencies and lending banks. For simplicity the holders of those obligations will be referred to collectively as "HEAF."

The Debtor filed a Chapter 13 plan that contained the following explicit information:

> All timely filed and allowed unsecured claims, including the claims of Higher Education Assistance Foundation and UNI-PAC–NEBHELP, which are government guaranteed education loans, shall be paid ten percent (10%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

HEAF filed an untimely objection to the treatment of its claim in the plan. That objection was denied by the court because it was untimely, and an order was entered confirming the plan. Debtor completed payment of her confirmed plan, and a discharge was entered on December 22, 1994.

Following entry of the order of discharge, HEAF continued to attempt to collect the balance of the loans that remained after application of the payments received through the plan. The Debtor then filed an adversary proceeding in the Bankruptcy Court,

---

1. After examining the briefs and appellate record, this Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The case is therefore ordered submitted without oral argument.

seeking a determination that her student loan obligations had been determined to be dischargeable under 11 U.S.C. § 523(a)(8)(B), and had therefore been discharged when the order of discharge was entered in her Chapter 13. The Bankruptcy Court entered judgment for HEAF, finding that the debts had not been discharged, and this appeal followed.

## DISCUSSION

■ The debtor's plan specified that confirmation would constitute a finding that payment of the student loans, beyond the limited payments to be made pursuant to the plan, would impose an undue hardship upon the debtor and that the student loans would, therefore, be dischargeable. The Bankruptcy Court correctly observed that the real issue in the case was "whether the plan provisions here constitute a binding adjudication of hardship." The court concluded that it did not. That conclusion was predicated on the following analysis:

> Debtor had the burden to seek a formal judicial determination of the nondischargeability of her student loans. Language in a plan does not constitute a judicial determination of hardship. HEAF and the other creditors were entitled to a higher level of due process before the confirmation of the plan invokes the concept of res judicata. Congress' clear intent to except student loans from discharge cannot be overcome simply by inserting language into a proposed plan providing that confirmation of the plan constitutes a finding of undue hardship. Because the debtor did not formally seek a determination of dischargeability, the student loan debts are nondischargeable.

This Court does not agree.

It is important to recognize that the issue in this case arose after confirmation of the debtor's plan and after entry of the order of discharge. *See, e.g., In re Northrup,* 141 B.R. 171, 173 (N.D.Iowa 1991). Thus the question is not whether the plan was capable of confirmation. It was confirmed. The question, then, is as the Bankruptcy Court framed it. Did the order of confirmation constitute a binding determination that payment of the student loans beyond that provided for in the plan would constitute an undue hardship, thereby making the loan dischargeable?

While the precise question presented by the case has apparently not been previously decided, similar kinds of issues have. In particular, it has been argued in various cases that liens cannot be modified and released pursuant to the provisions of a plan, but that such relief can only be achieved via a properly filed adversary proceeding. *See generally Eric S. Richards, Due Process Limitations on the Modification of Liens Through Bankruptcy Reorganization,* 71 Am. Bankr.L.J. 43 (1997). The Fourth Circuit, faced with this argument in the context of a confirmed Chapter 13 plan, held that the general rule is that liens (like nondischargeable debts) pass through bankruptcy unaffected, and if the debtor wishes to extinguish or modify a lien, the debtor must do so via an adversary proceeding and not by the confirmation process. *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995). That approach was rejected by the Seventh Circuit in the case of *In re Penrod,* 50 F.3d 459 (7th Cir. 1995), and *Penrod* was followed, in turn, by the Eighth Circuit in the case of *FDIC v. Union Entities (In re Be–Mac Transport Co., Inc.),* 83 F.3d 1020 (8th Cir.1996). Significantly, for our purposes, the *Be–Mac* case was cited and followed by the Tenth Circuit in *American Bank and Trust Co. v. Jardine Insurance Services Texas, Inc. (In re Barton Industries, Inc.),* 104 F.3d 1241 (10th Cir. 1997).

In the *Barton* case, the debtor's Chapter 11 plan had been confirmed. Post-confirmation the debtor argued that the plan had served to extinguish the security interests of certain creditors. The creditors argued that they had been denied due process because of a lack of adequate notice that the bankruptcy plan would affect their security interests. In particular, they argued that their allowed secured claim could only be avoided through an adversary proceeding. The Tenth Circuit acknowledged that such would be an acceptable method of challenging a creditor's security interest, but was not the only one. The lien could also be challenged by the plan

process. However, the court found that the plan in question was indeed too vague and, therefore, the creditor did not have adequate notice so that the order of confirmation was not *res judicata* on the issue.

Another area where relief has been accomplished through the plan process, even though not available under the Code, concerns third-party injunctions. A debtor may specify in a plan that the payment provisions of the plan are in lieu of any other remedy a creditor may have such that a creditor's right to pursue collection from a third-party guarantor may be barred. If objected to at confirmation, such a provision may well bar confirmation of the plan. *See Landsing Diversified Properties–II v. First Nat'l Bank and Trust Co. (In re Western Real Estate Fund, Inc.)*, 922 F.2d 592 (10th Cir.1990), *modified on other grounds sub nom. Abel v. West*, 932 F.2d 898 (10th Cir.1991). However, if there are no objections and the plan is confirmed, the provision is binding and *res judicata. Maryland v. Antonelli Creditors' Liquidating Trust*, 123 F.3d 777 (4th Cir. 1997); *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82 (2d Cir.1997).

■ The underlying reason for opinions such as *Barton* is sound. The plan process, whether in a Chapter 11 or 12 or 13, is essentially consensual. It is carried on through a bargaining process. The Code allows a great deal of flexibility in devising the terms of these plans. As to Chapter 13, one court has aptly observed: "It is important to remember that Chapter 13 imposes very few mandatory requirements as to the contents of a plan. Congress intended for debtors to have flexibility in dealing with their creditors." *In re Parker*, 15 B.R. 980, 985 (Bankr.E.D.Tenn.1981), *aff'd*, 21 B.R. 692 (E.D.Tenn.1982). A plan that is filed and served is simply an offer to the creditors, one that may be deemed to have been accepted if the creditor does not object. *Heins v. Ruti–Sweetwater, Inc. (In re Ruti–Sweetwater, Inc.)*, 836 F.2d 1263 (10th Cir.1988); *In re Szostek*, 886 F.2d 1405 (3d Cir.1989).

As the court recognized in *Barton*, the question is not as to the propriety of seeking to compromise a controversy pursuant to a plan, as opposed to first commencing an adversary proceeding to litigate the issue. The question is whether the demands of due process have been honored. Due process requires only that there be notice and a meaningful opportunity to be heard—no more, and no less. *Turney v. FDIC*, 18 F.3d 865 (10th Cir.1994). Here, as in *Turney*, the plan specifically stated the treatment to be accorded the HEAF loans. No argument has been made that HEAF was not properly served with the plan and with notice, or that HEAF lacked the opportunity either to object or to have a meaningful hearing. Indeed, HEAF did respond and filed an objection, thereby indicating that HEAF understood that the plan intended to grant relief affecting HEAF's interests. However, the objection was not timely filed and was denied for that reason, leading to confirmation of the plan. Thus it appears that due process has been accorded. *See id.* Had HEAF timely objected, the issue now before the Court could have been dealt with and determined. Accordingly, the order of confirmation is *res judicata* as to that issue. *Id.*; *Ruti–Sweetwater; Barton Indus., Inc.; United States Trustee v. Craige (In re Salina Speedway, Inc.)*, 210 B.R. 851 (10th Cir. BAP 1997).

Resolving disputes as to the dischargeability of student loan debt has been a troublesome issue for the courts. The Code, by its terms, appears to require an all-or-nothing finding; that is, the totality of the student loan is either dischargeable or not. 11 U.S.C. § 523(a)(8). The majority of courts dealing with the issue have so determined. *See, e.g., Shankwiler v. Nat'l Student Loan Mktg. (In re Shankwiler)*, 208 B.R. 701 (Bankr.C.D.Cal.1997); *Hinkle v. Wheaton College (In re Hinkle)*, 200 B.R. 690 (Bankr. W.D.Wash.1996); *Skaggs v. Great Lakes Higher Educ. Corp. (In re Skaggs)*, 196 B.R. 865 (Bankr.W.D.Okla.1996); *Hawkins v. Buena Vista College (In re Hawkins)*, 187 B.R. 294 (Bankr.N.D.Iowa 1995). Often the reality may be that the debtor could pay part, but not all, of the loan, or perhaps may be able to pay the loan in full, but only in the future when employment fortunes may be expected to change. In light of these variables, some courts have concluded that more inventive decrees can be entered, finding that

only part of the debt is dischargeable, or that payment terms should be modified by the court. *Cheesman v. Tennessee Student Assistance Corp. (In re Cheesman)*, 25 F.3d 356 (6th Cir.1994); *Rivers v. United Student Aid Funds, Inc. (In re Rivers)*, 213 B.R. 616 (Bankr.S.D.Ga.1997); *Heckathorn v. United States ex rel. United States Dep't. of Educ. (In re Heckathorn)*, 199 B.R. 188 (Bankr. N.D.Okla.1996). Permitting debtors to use one of the reorganization chapters to resolve disputes about dischargeability of such loans encourages the parties to find other inventive ways to reach an acceptable middle ground in this area.

HEAF has argued that resolution of this appeal is governed by *DePaolo v. United States (In re DePaolo)*, 45 F.3d 373 (10th Cir.1995). In that case the court held that a confirmed Chapter 11 plan did not bar the IRS from assessing and collecting additional taxes pertaining to prepetition periods. The court reached this conclusion because the debts of the IRS were nondischargeable, pursuant to 11 U.S.C. § 523(a)(1)(A), "whether or not a claim for such taxes was filed."

HEAF's reliance on *DePaolo* is misplaced. Here, the Chapter 13 plan does not purport to make a nondischargeable debt dischargeable. The plan, instead, resolved a potential controversy about whether payment of the student loan would result in an undue hardship to the debtor. Confirmation of the plan constituted a finding to that effect, thereby rendering the loan dischargeable. 11 U.S.C. § 523(a)(8)(B); 11 U.S.C. § 1327(a). Thus the ultimate order of discharge properly discharged the balance of the student loan obligation.

The debtor has argued that she is entitled to an award of fees and costs pursuant to 11 U.S.C. § 524. That issue was not considered by the Bankruptcy Court because the debtor did not prevail in that proceeding. Thus the issue is not ripe for consideration by this Court.

For the reasons stated herein, the judgment of the United States Bankruptcy Court for the District of Kansas is REVERSED, and the action is REMANDED with directions that judgment be entered for the Debtor determining that the unpaid balance of the student loan obligation owed the creditor has been discharged, and for consideration of the Debtor's request for fees and costs.