NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0151n.06
Filed: December 8, 2004

No. 02-6516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEPHEN MARK KAUFMAN, | ) | |
| | ) | |
| Debtor, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STEPHEN MARK KAUFMAN, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION |
| CASE WESTERN RESERVE | ) | |
| UNIVERSITY AND USA GROUP | ) | |
| GUARANTEE SERVICES, INC., | ) | |
| | ) | |
| Appellees. | ) | |

BEFORE: BATCHELDER and SUHRHEINRICH, Circuit Judges, and RICE, District

Judge.[*]

WALTER HERBERT RICE, District Judge.

This case involves an attempt by a debtor to use general language in his

bankruptcy plan to discharge student loan debt. Under 11 U.S.C. § 523(a)(8), student

---

[*]The Honorable Walter Herbert Rice, Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

loan debt is not normally dischargeable. Both the bankruptcy court and the district court below held that confirmation and successful completion of the Debtor's Chapter 11 plan did not discharge Appellant's student loans, finding that the plain language of § 523(a)(8) mandates that all student loans are nondischargeable, unless their repayment would cause an undue hardship on the debtor. We affirm, holding that Appellant's failure to argue that excepting his student loan debt from discharge would constitute an undue hardship is fatal to his argument.

On June 1, 1995, Dr. Stephen Mark Kaufman filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the bankruptcy court. Appellee Case Western Reserve University ("Case Western") is a creditor from which Dr. Kaufman received student loans. Likewise, Appellee Educational Credit Management Corporation ("ECMC") is an assignee of certain student loans.[1] Creditors, such as Appellees, who held unsecured claims were classified as "Class 2" creditors. The reorganization plan (the "Plan") indicated that:

> Class 2 includes all remaining unsecured creditors and shall be paid the total of $750.00 per month until the aggregate of $45,000.00 had been [paid] for distribution in this class. The funds available for the allowed claims in this class will be paid, pro rata. The payment contemplated herein shall commence thirty (30) days after the Effective Date of the plan and on the fifteenth (15th) day of each month thereafter until paid as contemplated under this section under the plan.
> As a condition of confirmation, all unsecured claims of whatsoever nature and wheresoever situated shall be deemed discharged pursuant to 11 U.S.C. § 524(a).

After confirmation of the Plan, on January 7, 2002, Dr. Kaufman initiated an adversary

---

[1] The promissory note under which Dr. Kaufman obtained the loans began to accrue at a rate of 5% per annum on or about December 1, 1989.

proceeding, pursuant to 28 U.S.C. §§ 157 and 1334, asking the bankruptcy court to declare that student loans owed to Appellees were discharged upon confirmation. He argued (and continues to argue to this Court) that the loans, although considered nondischargeable by the Bankruptcy Code, were discharged because the Plan language purported to discharge all unsecured claims pursuant to § 524 of the Bankruptcy Code. The bankruptcy court rejected this claim, and Kaufman appealed to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. § 158(a). On November 14, 2002, the district court affirmed the decision of the bankruptcy court. This Court has jurisdiction over this appeal from the district court pursuant to 28 U.S.C. § 1291.

## I. Standard of Review

When reviewing a decision of a district court in a case originating in bankruptcy court, the Sixth Circuit directly reviews the decision of the bankruptcy court rather than the district court's review of the bankruptcy court's decision. In re Cannon, 277 F.3d. 838, 849 (6th Cir. 2002), citing In re M.J. Waterman & Assocs., Inc., 227 F.3d. 604, 607 (6th Cir. 2000). Findings of fact are reviewed under the clearly erroneous standard, and legal conclusions are reviewed de novo. Id.

## II. Analysis

As noted supra, the Plan provided that, upon confirmation of the Plan, all claims of unsecured creditors would be deemed discharged, pursuant to 11 U.S.C. § 524(a). Based on his reading of § 524, Appellant concludes that the Plan effectuated a

3

discharge of his student loans. Furthermore, Appellant urges that, to the extent that the Plan constituted a determination that his student loan debt is to be discharged, the issue of dischargeability is res judicata, and Appellees are thus estopped from relitigating it.

A claim is barred by the res judicata effect of prior litigation if all of the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir. 1997).

As a general matter, it is true that confirmation of a reorganization plan constitutes a final judgment in bankruptcy proceedings. Browning v. Levy, 283 F.3d 761, 772 (6th Cir. 2002), citing Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992). "Such confirmation by a bankruptcy court 'has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings.'" Id., quoting In re Chattanooga Wholesale Antiques, Inc., 930 F.2d 458, 463 (6th Cir. 1991).

Before reaching the issue of res judicata, however, it is necessary to determine whether the Plan had the effect of discharging Appellant's student loan debt. A plain reading of the Code suggests that it did not. As ECMC correctly points out, § 524 does not have the power to effect any discharge. Instead, discharges are provided for by § 1141, which indicates, inter alia, that a bankruptcy plan "discharges the debtor from any debt that arose before the date of [the] confirmation [of the plan,]" except that

4

the "plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d). Accordingly, § 523 indicates, inter alia, that

> [a] discharge under section [1141] of this title does not discharge an individual debtor from any debt for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents...

11 U.S.C. § 523(a)(8). Appellant has not, at any point in this litigation, argued that excepting his student loan debt from discharge would impose an undue hardship.

Furthermore, even if the Plan, in conjunction with the above-cited code provisions, could be interpreted as discharging Appellant's student loan debt, application of res judicata would raise significant due process concerns. Specifically, Appellees argue that application of res judicata, as urged by Appellant, would violate their due process rights, in that the wording of the Plan did not provide adequate notice that the debts held by them were to be discharged. In response to this, Appellant relies heavily on In re Andersen, 215 B.R. 792 (B.A.P. 10th Cir. 1998), aff'd, 179 F.3d 1253 (10th Cir. 1999). There, a debtor, who had outstanding student loans similar to Appellant herein, filed a Chapter 13 petition, and placed language in her proposed plan indicating that, "[p]ursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable." Id. at 793. Noting that a debtor has the

5

burden of seeking a formal judicial determination of the nondischargeability of her debts, the bankruptcy court in Andersen had found the plan provision was too vague, and thus did not afford the creditors due process. The Tenth Circuit Bankruptcy Appellate Panel reversed that determination. It noted that "[d]ue process requires only that there be notice and a meaningful opportunity to be heard" and that, in that case, "[n]o argument ha[d] been made that [the creditor] was not properly served with the plan and with notice, or that [the creditor] lacked the opportunity either to object or to have a meaningful hearing." Id. at 795, citing Turney v. FDIC, 18 F.3d 865 (10th Cir. 1994). Accordingly, the court held that the order confirming the plan was a binding determination that payment of student loans, beyond that provided for in the plan, would constitute undue hardship, and was res judicata on the issue of dischargeability.

Appellant's reliance on Andersen is misguided because the facts are vastly divergent. As noted supra, Appellant herein has never argued that excepting his student loans from discharge would work an undue hardship. Yet, that finding was the cornerstone of Andersen, in which the plan specifically asserted that such an undue hardship would be present. Appellant's Plan herein made no such assertion. Without such specific reference, there would have been nothing to overcome § 523's express wording that student loans are excepted from a debtor's discharged debt. This fact alone is sufficient to reject Appellant's claim, without even reaching the due process issue, because without a determination in the Plan that an exception to the nondischargeability of student loan debt (i.e., undue hardship) applies, there is no final judgment of undue hardship, and res judicata does not come into play. Not even Andersen would have held that the debtor's student loans would have been discharged

6

if the plan had not declared that failure to do so would impose an undue hardship. See Andersen, 215 B.R. at 794-95 (explaining that vague plan language would provide a creditor with insufficient notice and preclude the application of res judicata). Accordingly, since this case is easily factually distinguishable from Anderson, the Court need not decide whether it agrees with Anderson that discharges by declaration comply with due process.

Lastly, there are two issues in Appellant's brief that the Court need not address at this time. First, in his statement of the issues on appeal, Appellant raises the issue of "[w]hether the claims of [Case Western] and [ECMC] against the Plaintiff are barred by laches?" Yet, he fails to argue this in his brief. As such, this argument is abandoned and the Court need not consider it.

Second, Appellant argues that if the Court finds that his student loan debt was not discharged, Appellees should be bound by the monthly amount provided for by the bankruptcy plan and should be precluded from seeking interest on the debt because they did not seek interest under the Plan. However, these issues were not before either the bankruptcy court or the district court and Appellant raises them for the first time on appeal. "As a general rule, appellate courts do not consider any issue not passed upon below." In re Morris, 260 F.3d 654, 663 (6th Cir. 2001), citing Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Accordingly, we do not consider these arguments.

The order of the bankruptcy court, as affirmed by the district court, is AFFIRMED.